IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. PD-1189-13






NILDA ILIANA RODRIGUEZ, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


BELL COUNTY





 Alcala, J., filed a dissenting opinion in which Johnson, J., joined.


DISSENTING OPINION



 I respectfully dissent from this Court's judgment reversing the conviction of Nilda
Iliana Rodriguez, appellant, for felony murder and would instead hold that the evidence is 
sufficient to uphold her conviction for that offense. Although I agree with the majority
opinion that the law on felony murder requires commission of an "act," which means
voluntary or involuntary bodily movement, I disagree that the fact finder was irrational in
deciding that the circumstances of this case fit within that definition. See Tex. Penal Code
§§ 1.07(a)(1); 19.02(b)(3). In light of appellant's claim that she fed the infant with bottles,
a fact finder could reasonably determine that her act--repeatedly feeding the baby an
inadequate amount--caused him to starve from malnutrition and dehydration.

 Courts have held that a fact finder is rational in deciding that the starvation of a child
can constitute an act of commission and omission. See People v. Jennings, 237 P.3d 474,
524-25 (Cal. 2010) (describing the "prolonged and purposeful" starvation of child as a
"deliberate act," and finding evidence sufficient to uphold defendant's conviction for first-degree murder involving infliction of torture); see also Fairchild v. State, 998 P.2d 611, 621
n.17 (Okla. Crim. App. 1999) (op. on reh'g) (describing willfully starving a child as one of
several examples of "acts which result in injury or death but do not require force");
Commonwealth v. Cottam, 616 A.2d 988, 1004 (Pa. Super. Ct. 1992) (describing parents'
conduct in providing inadequate sustenance to children as "acts of commission and
omission" that created a substantial risk of death or serious bodily injury, and upholding
defendants' convictions for reckless endangerment of another person on that basis). This
Court should similarly hold that the fact finder here was rational in determining that
appellant's providing inadequate sustenance that led to the child's death was an act of
commission.

 In recognition of the reality that factual circumstances underlying a criminal offense
are often complicated, Texas law permits the State to plead cases in the alternative, including
allegations of acts of commission and omission, and allows fact finders to use their common
sense to resolve factual discrepancies for the purpose of arriving at a verdict in the case. The
majority opinion is inconsistent with these principles and will wreak havoc on other statutes
that provide for criminal liability under similar situations. If, for example, a person drives
his car at a high rate of speed towards his intended victim and strikes him, he has committed
a voluntary act even though the injury actually occurs because the driver has failed to apply
his brakes in a timely manner. One could characterize those facts as showing that the injury
was caused by an act of commission in that the driver accelerated towards the victim or by
an omission in that he failed to apply his brakes. Driving at a high rate of speed without
applying brakes or continually feeding a child less food than required to sustain life are each
circumstances that a rational fact finder could determine are acts of commission as well as
of omission. Because life is messy, the law does not require that circumstances
encompassing multiple legal theories be fit neatly into only one. 

 I would hold that the evidence is sufficient to establish appellant's guilt of the offense
of felony murder. (1) I, therefore, would uphold the decision by the court of appeals in
affirming the judgment of the trial court. 

Filed: June 18, 2014

Publish
1. The State's other alternative allegation asserted an omission rather than an act. That
alternative alleged that appellant withheld sufficient nutrition and fluids from the baby. Withholding
nutrition and fluids is indicative of an omission rather than an act.